```
              UNITED STATES DISTRICT COURT   FILED
                NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION    00 JUN 23 PM 1:34

BANNER LIFE INSURANCE COMPANY,  )            U.S. DISTRICT COURT
                                )             N.D. OF ALABAMA
     Plaintiff and              )
     Counterclaim Defendant,    )
                                )            ENTERED
vs.                             )
                                )            JUN 2 3 2000
MACK INSURANCE MARKETING, INC., )
                                )
     Defendant and              ) Civil Action No. CV-99-S-3344-NE
     Counterclaim Plaintiff,    )
     and Third Party Plaintiff, )
                                )
vs.                             )
                                )
CLYDE WAYNE GREGORY and MARTHA  )
SUTTON,                         )
                                )
     Third Party Defendants.    )
```

## MEMORANDUM OPINION

This action is before the court on a motion to stay filed on behalf of third party defendant Clyde Wayne Gregory. For the reasons stated below, the court finds that Gregory's motion is due to be granted in part and denied in part.

### I. DISCUSSION

Gregory requests a stay of <u>all</u> proceedings related to this action, based on the fact that he is involved in a criminal matter that is on appeal. Gregory argues that his Fifth Amendment privilege against self-incrimination will be compromised if he is forced to comply with discovery requests in this action.



The Fifth Amendment provides that "[n]o person shall be ... compelled in any criminal case to be a witness against himself...." U.S. Const. amend. V. The rule against self incrimination applies in civil proceedings as well as in criminal proceedings. *See Lefkowitz v. Cunningham*, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977). The privilege must be liberally construed in favor of the party invoking the privilege, and is applicable in both state and federal proceedings. *See Ex parte Baugh*, 530 So. 2d 238, 241 (Ala. 1988).

In order for the privilege to apply, the party invoking the privilege must demonstrate that "the risk of self-incrimination is 'real and appreciable,' not 'remote and improbable.'" *Ex parte State of Alabama*, No. CR-99-0156, 1999 WL 1207032 (Ala. Crim. App. Dec. 17, 1999) (quotation omitted).

> The test is whether the testimony might later subject the witness to criminal prosecution:
>
>> "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."

*Ex parte Baugh*, 530 So. 2d at 241 (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 118 (1951)).

The Supreme Court recently explained the parameters of the privilege, as follows:

> It is true, as a general rule, that where there can be no further incrimination, there is no basis for the assertion of the privilege. We conclude that the principle applies to cases in which the sentence has been fixed <u>and the judgment of conviction has become final</u>. ... If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared.

*Mitchell v. United States*, 526 U.S. 314, 326, 119 S.Ct. 1307, 1314, 143 L.Ed.2d 424 (1999) (emphasis supplied).

The question confronting this court is whether the Fifth Amendment privilege applies after a witness' sentence has been imposed, but before his appeals have been exhausted. In other words, the court must decide when Gregory's "judgment of conviction ... become[s] final" so that the privilege is no longer applicable. Although neither the Supreme Court nor the Alabama Supreme Court has directly addressed this issue, the Supreme Court, in another context, has "defined final to mean a case 'where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed....'" *Teague v. Lane*, 489 U.S. 288, 295, 109 S.Ct. 1060, 1067, 103 L.Ed.2d 334 (1988) (quotation omitted); see generally *Ex parte State of Alabama*, 1999 WL 1207032 (concluding that Fifth Amendment privilege

3

against self-incrimination did not apply to defendant's postconviction hearing testimony because defendant "could not incriminate himself further by answering questions about a crime for which he already had been convicted and sentenced and <u>for which his direct appeals were exhausted</u>" (emphasis supplied)).

In the present case, the court finds that the Fifth Amendment privilege applies during the pendency of Gregory's appeal. *See In re Hill*, 545 A.2d 1019, 1022 (Vt. 1988) (citing *State v. Gretzler*, 612 P.2d 1023, 1051 (Ariz. 1980)) (concluding that "the Fifth Amendment privilege is available until the case is fully concluded, including any appeals"); *Landenberger v. State*, 519 So. 2d 712, 713 (Fla. Dist. Ct. App. 1988) (holding that "a convicted felon with an appeal pending has a Fifth Amendment privilege not to testify, and this privilege continues throughout the pendency of the appeal"). Specifically, the court notes that Gregory pled guilty to underlying criminal charges, and later sought to withdraw that plea. The judge refused to let him do so, and sentenced him to thirty years in prison. Gregory is now appealing that conviction, and should his conviction be reversed on appeal, there is no doubt that the Fifth Amendment would be applicable to any new sentencing hearing or to trial proceedings. If this court were to force

Gregory to incriminate himself in the present case, there is a "real and appreciable" risk that any disclosed information could be used against him if his criminal appeal is successful and his conviction overturned.

The court refuses, however, to stay discovery as it relates to all other parties, because Gregory has not offered any argument that such a decision would be beneficial. Accordingly, the court finds that discovery should be stayed <u>but only as it relates to Gregory</u>. See *Ex parte Price*, 698 So. 2d 111, 112 (Ala. 1997) (denying defendant's request for a full stay, because defendant failed to "indicate ... why discovery could not properly proceed as to the [other defendant]").

## II. CONCLUSION

Therefore, Gregory's motion is due to be granted in part and denied in part. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 23rd day of June, 2000.

_____
United States District Judge